UNDERHILL ET AL. ADM'RS VS. ALLEN.

A bill for the specific performance of a contract for the sale of land, where the contract is not alleged to be in writing, must show a part performance—the allegation of the payment of the purchase money is not sufficient to take the case out of the statute of frauds.

*Appeal from the Circuit Court of Crittenden county in Chancery.*

The Hon. GEORGE W. BEAZLEY, Circuit Judge.

CUMMINS & GARLAND, for the appellants. That the payment of the purchase money is not sufficient to take the case out of

the statute of frauds, referred to *Lister vs. Foxcroft*, 1 *White &*
*Tudor's Eq. Cases* 507, *and the authorities there cited.*

Mr. Chief Justice Englishn delivered the opinion of the Court.

This was a bill for specific performance, brought by Wm. D.
Allen, in the Crittenden Circuit Court, against the administra-
tors of George W. Underhill.

The bill alleges that on the 21st of December, 1853, com-
plainant purchased of George W. Underhill, through one John
Martin, the agent of said Underhill, the *S.* $\frac{1}{2}$ *of the S. E.* $\frac{1}{4}$ *of*
*Sec.* 33, *T.* 6 *N.*, *R.* 4 *E.*, situate in the county of Crittenden·
That at the time he purchased said land, complainant paid to
Martin, as such agent, the purchase money therefor, being $100.
That Underhill had entered the land with swamp land scrip,
and it was understood and agreed by and between complainant
and said Underhill that the said Underhill should make to com-
plainant a deed for the land, or should·transfer to him his cer-
tificate of entry for the same.  That Underhill, afterwards, and
before making complainant a deed for the land, or transferring
to him the certificate of purchase and entry thereof, departed
this life intestate; and that letters of administration upon his
estate had been granted to his widow, Amia L. Underhill, and
John L. Barnard, etc.  That Underhill, at his death, left him
surviving his said widow, and three children, George W., Frank
and Virginia, his sole heirs at law, who were infants and with-
out guardians.

The administratrix and administrator of Underhill are made
defendants.  Prayer for specific performance of the contract,
and that they be compelled by decree to convey the land to
complainant, and for general relief, etc.

The defendants demurred to the bill generally for want of
equity; the Court overruled the demurrer, and the defendants
declining to answer over, a decree was rendered against them,
in accordance with the prayer of the bill, that they convey the
land to complainant by deed in due form, etc., or assign to him
in legal form the certificate of entry, etc.

Defendants appealed from the decree to this Court.

The bill being against the administrators of Underhill only, and not making his heirs parties, was perhaps filed under the provisions of *sec.* 166–7–8, *ch.* 4, *Dig. p.* 140, but it is, nevertheless, in the nature of a bill for specific performance of a contract for the sale of land.

The bill neither alleges nor exhibits any contract in writing between Underhill, or his agent and complainant, for the sale and conveyance of the land: nor does it aver any such part performance as will take the case out of the statute of frauds. It alleges no part performance of the contract whatever but the payment of the purchase money, which is not sufficient to take the case out of the statute. *Keatts vs. Rector.* 1 *Ark.* 421. 2 *Story's Eq. sec.* 760–1. *Adam's Eq. Marg. p.* 86, *note* 1, *top p.* 263. *Hatcher et al. vs. Hatcher et al.,* 1 *McMullen's Eq. R.* 317 *Smith vs. Smith,* 1 *Rich. Eq. R.* 131. *Jackson vs. Cutright,* 5 *Munf.* 308. *Johnson vs. Glancey et al.,* 4 *Blackf.* 94. Had the bill alleged that the contract was in writing, or that complainant took possession of the land under and by virtue of his purchase, etc., the defendants would have been put upon plea or answer to the bill, etc. *See authorities cited above.*

The Court erred in overruling the demurrer to the bill, and for this cause the decree must be reversed, and the cause remanded with instructions to the Court below to sustain the demurrer, and permit the complainant to amend his bill if he desires to do so, otherwise to dismiss it for want of equity.

Absent, the Hon. THOMAS B. HANLY.